UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAY T. SLACK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-3119 |
| | ) | |
| BRITTANY GREENE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 7). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 8). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he sent two packages via certified mail to a law firm in Springfield, Illinois. The first package arrived without issue; the second package was not delivered. According to correspondence Plaintiff received from the United States Postal Service (USPS), a

label with the tracking number of Plaintiff's second package "was found in the mail and is believed to have been separated from a parcel during handling." (Doc. 8 at 16). An online search of the tracking number discloses no tracking information after the package arrived at the St. Louis Distribution Center on October 27, 2021, after being routed through USPS facilities in Mount Sterling, Illinois, and Champaign, Illinois. *See* United States Postal Service, available at: www.usps.com (enter tracking number in appropriate search box) (last accessed Nov. 21, 2022); *Rowe v. Gibson*, 798 F.3d 622 (7th Cir. 2015) (authority for searching the internet for information).

Plaintiff sued Defendant Greene, the warden at Western Illinois Correctional Center, in her official capacity alleging that her subordinate correctional officers mishandled the second package. He alleges that he placed exactly 225 pages in each package, and the difference in postage he was charged for each package shows that correctional officers opened the second package, removed pages, and failed to reseal it correctly. He attributes these actions to the second package "disintegrating" after officials mailed it.

Plaintiff cannot proceed against Defendant Greene, the warden at Western Illinois Correctional Center, in her official capacity because "neither a State[,] nor its officials acting in their official capacities are "persons" under §1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Defendant Greene also cannot be held liable just because she was in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff's exhibits show that he was charged the same postage ($15.60) for each package, despite an error in calculating the "base" postage prison officials attributed to issues with the postage scale. (Doc. 8 at 11-12, 18). The base postage on Plaintiff's second package was more

than the base postage charged on the package that was delivered.[1] *See id.* at 11-12. If the Court accepts Plaintiff's assumption that a package with fewer pages costs less to ship, then the exhibits Plaintiff provided do not support a plausible inference that prison officials removed pages from the package that was not delivered. Plaintiff's allegations that prison officials caused his second package to not be delivered are too speculative to state a constitutional claim. The Court finds that Plaintiff failed to state a claim upon which relief can be granted, and that any amendment would be futile. This case is accordingly dismissed.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [8] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's Motion for Status [9] is DENIED as moot.**

3) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

4) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. Plaintiff is advised that this case may count as his third strike. *See Slack v. Bolm*, No. 02-1125 (S.D. Ill.); *Slack v. Court*, No. 12-1194 (S.D. Ill.); *Slack v. Chapman*, No. 22-1381 (S.D. Ill.).**

5) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

6) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does**

---

[1] Plaintiff was charged $8.80 and $9.30 in base postage for the two packages, respectively. The Certified Mail Return Receipt Plaintiff provided for the delivered package shows a base postage of $8.80. (Doc. 8 at 13).

**choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 26th day of January, 2023.

_s/Sara Darrow_
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
